UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ALICIA M. SMITH-KING, ) | |
| ) | Civil Action No.: 4:08-cv-0637-TLW-TER |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| VF OUTLET STORE # 38, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.     INTRODUCTION

Plaintiff, proceeding pro se, brings this action in which she alleges she was wrongfully terminated from her position with Defendant. On April 21, 2008, Defendant filed a Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Document # 18). Because Plaintiff is proceeding pro se, she was advised on April 22, 2008, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement, could result in dismissal of her Complaint. The deadline for Plaintiff's response to Defendant's Motion was May 27, 2008. Plaintiff did not file a response by the deadline.

## II.     DISCUSSION

    A.     Rule 41(b) Dismissal

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)     the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69,70 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff has not responded to Defendant's Motion nor has she otherwise participated in this action since she filed her Complaint. The undersigned concludes Plaintiff has abandoned her lawsuit. Plaintiff's failure to participate in this action has frustrated Defendant's attempts to move forward in this case. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

B.   Defendant's Motion

In the alternative, it is recommended that Defendant's Motion be granted and this case dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.   A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)   Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiff is a pro se litigant, and thus her pleadings are accorded liberal construction.  Hughes

v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9.  Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal.  Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for her, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

> The allegations in Plaintiff's Complaint are sparse.  She alleges,
>
> Based on the decision of the South Carolina Employment Security Commission of Columbia, South Carolina. [sic] The Appeal Tribunal decision was reversed.  It was determined that the plaintiff was eligible for benefits from March 25, 2007, for having been separated under no disqualifying circumstances.
>
> On July 25, 2007, it was also ruled by the Appeal Tribunal; [sic] that the plaintiff was not responsible for the incident that lead to her termination and the employer did not establish disqualifying cause for the plaintiff's discharge.

Complaint at ¶¶ 2-3 (Document # 1-2).  In her prayer for relief, Plaintiff requests, among other things, that she be compensated for being "wrongfully terminated and defamation of character." Id.  Plaintiff attaches to her Complaint a copy of her Equal Employment Opportunity Commission Dismissal and Notice of Rights letter.  However, despite the EEOC attachment, Plaintiff's Complaint fails to articulate any factual allegations that could be reasonably construed to set forth a cognizable federal claim.  The Complaint itself sets forth no allegations regarding the type of federal claim Plaintiff brings (i.e., discrimination based on gender, age, race, or disability) or any factual allegations from which the court could determine the type of claim Plaintiff brings, even under the most liberal construction.  The EEOC attachment provides no guidance.  In her Answers to Local Rule 26.01

Interrogatories (Document # 3), Plaintiff mentions a civil rights claim and a claim under the Fair Labor Standards Act. Nevertheless, these vague references still fail to set forth a federal claim.

To the extent Plaintiff asserts state causes of action for wrongful termination and defamation, this Court lacks subject-matter jurisdiction over those claims absent complete diversity between the parties and an amount in controversy of $75,000 or greater. See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). The plaintiff is a citizen of South Carolina and the defendant is also a citizen of South Carolina. Hence, complete diversity of parties is absent in this case.

Because Plaintiff's Complaint cannot reasonably be read to allege any federal cause of action and the court lacks subject matter jurisdiction over any state law claims that may be alleged, it is recommended that Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Document # 18) be granted and this case be dismissed.

### III.     CONCLUSION

In light of the above analysis, it is recommended that this case be dismissed pursuant to Rule 41(b), Fed.R.Civ.P., or, in the alternative, that Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Document # 18) be granted and this case be dismissed.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 1, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**